J-S06024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARIS WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1412 EDA 2018 |

Appeal from the Judgment of Sentence April 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005067-2016

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 16, 2019**

Appellant, Paris Washington, appeals from the Judgment of Sentence of twenty-five months to sixty months of incarceration followed by twenty-four months of probation, imposed on April 16, 2018, following a waiver trial at which Appellant stipulated to facts sufficient to establish two counts each of Aggravated Assault, Robbery, Conspiracy, and Possessing Instruments of Crime.[1]  We affirm.

Appellant stipulated to the following facts:

At around 2 a.m. on February 21, 2016, two roommates, Aaron Guldin and Michael Kramer, invited people that they met at a bar back to their apartment at 148 Sumac Street.  At around 3:30 a.m., Mr. Guldin found two of the women in the group rifling through his dresser drawer.  Mr. Guldin asked the group to leave after realizing that $300 in cash and $200 in Visa gift cards were missing from the drawer.  Mr. Kramer heard a commotion and left his bedroom to join Mr. Guldin.  Everyone left the apartment,

_____

[1] **See** 18 Pa.C.S. §§ 2702(a)(1), 3701(a)(1)(iv), 903(a), 907(a), respectively.

except for [Appellant], [co-conspirator] Shamari Williams, and an unknown white male. Mr. Williams pointed a silver revolver at Mr. Guldin and Mr. Kramer and demanded everything they had. [Appellant] and the white male punched Mr. Kramer several times. The white male then struck Mr. Kramer with a piece of the wooden railing in the hallway steps. At some point, the Complainants were able to escape and contact police, while [the assailants] searched [the] apartment. Aside from the cash and gift cards, both Complainants' cell phones were taken.

On the same day of the robbery, [police] recovered five Budweiser bottles from the Complainants' apartment. One of the fingerprints on the bottles matched [Appellant]. Both Complainants later identified [Appellant] in photo arrays.

Trial Ct. Pa.R.A.P. 1925(a) Op., filed 9/12/18, at 1-2; *see also* N.T., 4/16/18, at 32-35.

On the day scheduled for trial, prior to the selection of a jury, Appellant's counsel conducted a colloquy with Appellant, setting forth the terms of a plea agreement including a negotiated sentence offered by the Commonwealth. N.T. at 8-10. Initially, Appellant indicated that he had not decided whether to accept the terms. *Id.* at 10. The court noted that trial would commence on that day and, therefore, the time had come for Appellant to make a decision: accept the offer or proceed to a jury trial. *Id.* at 11-12.

Appellant decided to accept the offer. *Id.* at 12. However, the court declined to accept Appellant's plea, noting his apparent reluctance. *Id.* at 16. Rather, the court suggested it would offer Appellant the opportunity to choose between a waiver trial, with Appellant stipulating to facts in exchange for the sentence offered by the Commonwealth, and a jury trial. *Id.* at 16-17. Following further consultation with counsel, as well as written and oral

- 2 -

colloquies, the court determined that Appellant knowingly and voluntarily waived his right to a jury trial. *Id.* at 18-32.

Following the entry of stipulations on the record, the court found Appellant guilty and proceeded directly to sentencing. The court sentenced Appellant as indicated above and in accordance with the agreement reached with the Commonwealth. *Id.* at 43-44; Sentencing Order, 4/16/18.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive opinion.

Appellant raises the following issue on appeal:

> [Whether] the lower court err[ed] in accepting [Appellant's] waiver of his right to a jury trial and his stipulation to the Commonwealth's evidence in light of his obvious reluctance to do so[.]

Appellant's Br. at 3.[2]

"The constitutional right to trial by jury, as with other constitutional rights, will not lightly be deemed to have been waived. In fact, courts indulge every reasonable presumption against waiver of such fundamental

---

[2] Appellant has presented a single argument focused on the validity of his waiver. *See* Appellant's Br. at 9-10. He has not developed a separate argument addressing his stipulation. To the extent Appellant purports to raise his stipulation as a distinct issue, we deem it waived. Pa.R.A.P. 2119(a); *see, e.g.*, *Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."). We note further that Appellant preserved no objection to the Commonwealth's recitation of the facts. *See* N.T. at 35 (Appellant stipulating to the facts presented).

constitutional rights." ***Commonwealth v. Stokes***, 299 A.2d 272, 276 (Pa. 1973).

Nevertheless, a criminal defendant may waive his right to a jury trial and proceed to trial before a judge, provided his waiver is knowing and voluntary. ***Commonwealth v. Houck***, 948 A.2d 780, 787 (Pa. 2008); Pa.R.Crim.P. 620. The defendant "must be aware of the essential ingredients inherent to a jury trial," which are "1) that the jury be chosen from members of the community (*i.e.*, a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous." ***Houck***, 948 A.2d at 787. On appeal, we review the totality of the circumstances surrounding a defendant's waiver to determine whether the waiver was voluntary. ***Commonwealth v. Foreman***, 797 A.2d 1005, 1015 (Pa. Super. 2002).

Here, Appellant contends the court erred in accepting his waiver of his right to a jury trial. Appellant's Br. at 8. According to Appellant, the record reveals that he remained uncertain how to proceed. ***Id.*** at 9. This uncertainty, Appellant concludes, cannot overcome the presumption against finding a knowing and intelligent waiver of the constitutional right to trial by jury. ***Id.*** at 9-10 (citing in support ***Stokes***, ***supra*** at 276).

In ***Stokes***, the trial court observed the defendant "to be rather immature" and, therefore, directed counsel to fully explain the defendant's right to a jury trial in the presence of the defendant's father. ***Stokes***, ***supra*** at 274. Following repeated explanations, counsel reported that the defendant

had accepted his recommendation to proceed with a waiver trial, but in response to questioning from the prosecutor, the defendant stated his preference to proceed before a jury. *Id.* at 275. Upon further questioning, the defendant eventually agreed to proceed with a waiver trial, and the court accepted his waiver. *Id.* at 276.

Upon review, our Supreme Court found the record "inadequate to show a knowing and intelligent waiver[.]" *Id.* Rather, according to the Court, the "vacillation of [the defendant] during the course of the colloquy more clearly supports [a lack of understanding]." *Id.*[3]

We have no such concern in this case. Following several discussions with counsel, Appellant decided to proceed with the waiver trial. N.T. at 17, 18, 20-21. In contrast to *Stokes*, however, the record does not suggest any lack of understanding by Appellant. Rather, the record reveals a single concern by Appellant that the Commonwealth sought a post-sentence investigation (PSI) despite offering him an agreed-upon sentence. N.T. at 18-21. According to Appellant, as he had already served the minimum sentence to be imposed, he did not wish his potential release delayed several months while the Commonwealth prepared a PSI report. *Id.* Upon hearing this concern, the Commonwealth withdrew its request for a PSI, and Appellant agreed to proceed with the waiver trial. *Id.*

---

[3] The *Stokes* Court also found counsel's efforts to persuade the defendant—in open court—to be coercive. *Id.* at 276 n.1.

- 5 -

Thereafter, Appellant executed a written waiver colloquy, demonstrating his understanding of the rights he was waiving. *See id.* at 25-27 (court referencing written colloquy signed by Appellant and confirming with Appellant that he discussed his rights with counsel). Further, the court conducted a thorough, oral colloquy with Appellant, confirming the knowing and voluntary nature of his waiver. *Id.* at 23-32.

Based upon the totality of these circumstances, we discern no error in the court's decision to accept Appellant's waiver as knowing and voluntary. *Foreman*, *supra* at 1015. Accordingly, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19

- 6 -